IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARIO HEINEY | § | |
| | § | |
| V. | § | A-18-CV-00263-LY |
| | § | |
| PAMELA THIELKE | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules. Before the Court are Petitioner Mario Heiney's pro se Amended Petition for Habeas Corpus Relief under 28 U.S.C. § 2254 (ECF No. 5), Respondent's Answers (ECF Nos. 14 & 26), and Heiney's Reply (ECF No. 29). For the reasons set forth below, the undersigned finds that the application for a writ of habeas corpus should be denied.

**BACKGROUND**

Respondent is the Director of the Parole Division of the Texas Department of Criminal Justice. Heiney is serving a term of parole subsequent to a term of incarceration imposed by the 450th District Court of Travis County, Texas, on his conviction for assault-family violence.

**STATEMENT OF THE CASE**

The victim in the underlying criminal matter was T.M., with whom Heiney had a dating relationship. (ECF No. 16-8 at 4). On January 22, 2016, T.M. went to meet with Heiney, but she decided to leave "because Heiney was intoxicated and with an unknown male. As [T.M.] was sitting in the driver's side of her car, [Heiney] poked her in the eye with his finger, then hooked his thumb

inside of her mouth and pulled her lip, resulting in pain." (ECF No. 16-10 at 38, 42). T.M. returned to her home in Williamson County and reported this incident to the Austin police. (ECF No. 16-8 at 5). An APD Officer, K. Arnold, went to T.M.'s residence in Williamson County to take her statement and then filed a police report. (ECF No. 16-8 at 5; ECF No. 16-10 at 38). A Travis County magistrate issued a municipal arrest warrant on February 4, 2016, and Heiney was taken into custody on February 27, 2016. (ECF No. 16-10 at 6, 47, 52). On March 31, 2016, Heiney was charged by a Travis County grand jury with felony assault-family violence, in violation of Texas Penal Code 22.01(b)(2)(A); the charge was enhanced to a felony by two prior convictions for the same offense and the State further alleged Heiney was a habitual offender. (ECF No. 16-10 at 4-5).

On December 16, 2016, Heiney entered into a plea agreement. Heiney agreed to plead guilty to assault-family violence, a third-degree felony, and in return the State abandoned the punishment enhancements. (ECF No. 16-10 at 6, 9-14, 47). Heiney waived his right to appeal his conviction in the written plea agreement. (ECF No. 16-10 at 10, 11). Heiney was sentenced to a term of three years' imprisonment and given credit for time served. (ECF No. 16-10 at 6, 47). Heiney did not appeal his conviction and sentence, but filed an application for a state writ of habeas corpus. He asserted violations of the Fourth Amendment, his right to the effective assistance of counsel, and his right to due process of law. (ECF No. 16-10 at 20, 22, 24). The Texas Court of Criminal Appeals denied the writ without written order on January 24, 2018. (ECF No. 16-1).

Heiney filed his § 2254 petition on March 23, 2018, while still incarcerated. On May 16, 2018, Heiney was released from prison to a term of parole. (ECF Nos. 11 & 13). In his amended petition Heiney asserts he is entitled to federal habeas relief because his Fourth Amendment rights were violated, he was denied his rights to due process and equal protection, and he was denied the

effective assistance of counsel. (ECF No. 5 at 6-7, 11-17). Respondent contends Heiney's claims are unexhausted and procedurally defaulted, and that his claims are not cognizable in a federal habeas proceeding.

Broadly construing Heiney's state and federal habeas pleadings, Heiney adequately presented all of his federal habeas claims, other than his equal protection claim, to the Court of Criminal Appeals. The Court of Criminal Appeals denied relief, indicating a rejection of the claims on the merits. Furthermore, Heiney's ineffective assistance of counsel claim is without merit and his other claims are not cognizable in a federal habeas action.

## ANALYSIS

**A.  The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court summarized the basic principles established by the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA") in *Harrington v. Richter*, 562 U.S. 86, 97-100 (2011). Section 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the state court's decision "was contrary to" federal law as clearly established by the holdings of the Supreme Court; (2) when the state court's decision involved an "unreasonable application" of such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 100, *citing Williams v. Taylor*, 529 U.S. 362, 412 (2000).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Thaler v. Haynes*, 559 U.S. 43, 47 (2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). Under

3

the unreasonable application clause of § 2254(d), a federal court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, "but unreasonably applies that principle to the facts of the prisoner's case." *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (quotation marks and citation omitted). A reviewing federal court presumes the state court's factual findings are sound unless the petitioner rebuts the "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005); *Maldonado v. Thaler*, 625 F.3d 229, 236 (5th Cir. 2010). This presumption extends to both express findings of fact and to implicit findings of fact by the state court. *Register v. Thaler*, 681 F.3d 623, 629 (5th Cir. 2012).

**B.  Merits**

    **1.  Due process**

All of Heiney's claims are predicated on his argument that state law did not authorize Officer Arnold to "seize" a statement from the victim at her residence in Williamson County and "convey" the information to Travis County, resulting in a Travis County arrest warrant and grand jury indictment.[1] In his first claim for relief he alleges this violation of state law deprived him of his federal constitutional right to due process of law.

A state prisoner seeking federal court review of his conviction under 28 U.S.C. § 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir.

---

[1] In his state proceedings Heiney seems to assert Officer Arnold was investigating the violation of a protective order. (ECF No. 16-8 at 5). The only protective order in the record is one attached to Heiney's state court pleadings. This protective order was obtained by T.M. on March 29, 2016, pursuant to an application filed March 15, 2016, *after* the January incident giving rise to the charge of assault-family violence at issue in this matter and *after* Heiney was being held at the Travis County Correctional Complex. (ECF No. 16-8 at 7-8).

1994). Because Heiney ultimately seeks relief on what he alleges is a violation of state law, his claim is not cognizable under 28 U.S.C. § 2254.[2] *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986), (citing *Nelson v. Estelle*, 642 F.2d 903, 905-06 (5th Cir. 1981) ("habeas corpus is available only for the vindication of rights existing under federal law; not rights existing solely under the rules of state procedure")). Federal habeas corpus relief will not issue to correct errors of state statutory or procedural law unless a federal issue is also presented. *Estelle v. McGuire*, 502 U.S. 62, 67-68, (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). No federal issue is implicated by this claim, which is governed by state statutes regarding jurisdiction over criminal matters. Heiney's claim concerns state criminal procedure and "does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus." *Ables v. Scott*, 73 F.3d 591, 592 (5th Cir. 1996) (internal quotations omitted).

Furthermore, the Court of Criminal Appeals denied Heiney's claims, impliedly finding that, pursuant to state law, the warrant and indictment were not defective and Travis County properly exercised jurisdiction. A state appellate court's interpretation of state law binds a federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004). Accordingly, because Heiney does not state a claim for violation of his federal constitutional right to due process and the state court's decision denying relief on this claim was not clearly contrary to or an unreasonable application of federal law, the claim must be denied.

---

[2] The cases cited by Heiney involve the warrantless arrest of an individual by a police officer in a location outside the police officer's jurisdiction, which do not present the same factual situation as this matter– Heiney was arrested pursuant to a warrant and the only "act" which occurred outside of Travis County was the gathering of information from the victim.

5

### 2. Fourth Amendment

Heiney contends his Fourth Amendment rights were violated because he was "seized" as a result of Officer Arnold's allegedly unauthorized extrajurisdictional acts. A habeas petitioner asserting a Fourth Amendment violation is not eligible for relief if they had a full and fair opportunity to litigate the claim in the state courts. *Stone v. Powell*, 428 U.S. 465, 494–95 (1976); *O'Quinn v. Estelle*, 574 F.2d 1208, 1209-10 (5th Cir. 1978). Heiney had a full and fair opportunity to litigate this claim in the state courts, and the Court of Criminal Appeals rejected the claim. Furthermore, errors in adjudicating Fourth Amendment claims are not an exception to *Stone*'s bar. *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006); *Swicegood v. Alabama*, 577 F.2d 1322, 1324 (5th Cir. 1978). Because Heiney had the opportunity to litigate his Fourth Amendment claim in the state courts, he is not entitled to federal habeas relief on this claim.

### 3. Ineffective assistance of counsel

Heiney argues he was denied the effective assistance of counsel because his counsel failed to raise the "jurisdiction error" and advised him to plead guilty. Heiney presented these claims to the Court of Criminal Appeals, which denied relief.

Ineffective assistance of counsel claims in the context of a guilty plea are governed by the United States Supreme Court's opinion in *Hill v. Lockhart*, which adopted the two-part *Strickland* test. 474 U.S. 52, 57-58 (1985). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show counsel's representation fell below an objective standard of reasonableness and a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice in a case involving a guilty plea, "the defendant must show that there is a reasonable

6

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59.

Heiney's counsel filed an affidavit in his state habeas action, declaring:

> Mr. Heiney has been convicted a number of times of felonies for which he served time on separate occasions in the Texas Department of Criminal Justice. As such he was subject to being enhanced . . . as an Habitual Criminal and faced a minimum of 25 years in the penitentiary if convicted.
>
> From day one Mr. Heiney professed his innocence in the case and kept telling me he would not admit guilt but at the same time he would tell me he knew be was risking a very high sentence due to his habitual criminal status. Thus, while denying guilt he would at the same time tell me he would enter a plea of guilt if I could secure a plea agreement at the very low end for a third degree felony.
> ***
> Mr. Heiney was well aware be did not have to enter the plea and that if he did not, we were prepared to take this matter to trial. The decision to enter the plea was solely his decision. I did not tell him that he HAD TO PLEAD guilty. This was a decision that he made; no one forced him to do so and he had the opportunity to not go forward with his plea if he so chose.
> ***
> As to the motions mentioned by Mr. Heiney, all I remember is that he believed and insisted that Travis County courts could not have jurisdiction over the charge that he had violated a protective order issued by a court in another county. I advised him I saw no legal impediment to being so charged and therefore did not pursue that matter with the court. . . .[3]

(ECF No. 16-10 at 45-46).

For a petitioner to succeed on a complaint that counsel rendered ineffective assistance in connection with a guilty plea, he must prove that counsel's "misadvice fell short of an objective standard of reasonableness." *Czere v. Butler*, 833 F.2d 59, 63 (5th Cir. 1987) (internal quotation and citation omitted). A petitioner must show that "the advice he received from [his attorney] during the course of the representation and concerning the guilty plea was not 'within the range of competence

---

[3] The indictment in this matter does not charge the violation of a protective order, and there is no mention of a protective order in the plea agreement.

7

demanded of attorneys in criminal cases.'" *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), quoting *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). Heiney has not shown that his counsel's performance was deficient for failing to challenge the Travis County Court's jurisdiction or that his counsel's advice to plead guilty was below prevailing professional norms. The record does not suggest that Heiney pleaded guilty involuntarily or for some improperly coercive reason; by entering a guilty plea, Heiney reduced or eliminated the chance that he would receive an extended sentence, a rational decision. *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) ("to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."); *Uresti v. Lynaugh*, 821 F.2d 1099, 1101-02 (5th Cir. 1987). Heiney does not assert that, but for his counsel's alleged failures, he would have rejected the plea agreement and proceeded to trial where he faced a minimum sentence of 25 years' imprisonment. Because Heiney is unable to establish either deficient performance or prejudice with regard to his counsel's advice to enter a guilty plea, the state court's denial of relief was not an unreasonable application of *Strickland* or *Hill*.

    **4.    Equal protection**

Heiney argues he was denied his right to due process and equal protection because "a law," *i.e.*, Texas Penal Code 22.01(b)(2)(A), was violated when Officer Arnold "enforced law out of his jurisdiction not authorized by Texas Statutory Law." (ECF No. 5 at 7). Heiney arguably did not present an equal protection claim in his state habeas action, however the claim may be denied on the merits regardless of any failure to properly exhaust this claim in the state courts. As previously explained, federal habeas corpus relief will not issue to correct errors of state statutory or procedural law, the only issue raised by Heiney in this claim for relief. *Estelle*, 502 U.S. at 67-68; *Lewis*, 497

U.S. at 780. Furthermore, in denying Heiney's previously discussed due process claim the Court of Criminal Appeals impliedly concluded no state law was violated by Officer Arnold's actions. Accordingly, Heiney is not entitled to relief on this claim of error.

## RECOMMENDATION

For the reasons stated, the undersigned RECOMMENDS the application for writ of habeas corpus be **DENIED**.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

9

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Heiney's section 2254 petition, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## **OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED this 16th day of October, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE